UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>THUNDER PROPERTIES, INC., et al.,<br><br>Defendant(s). | Case No. 2:16-CV-356 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Eagle Canyon Estates Association's (the "HOA") motion to dismiss. (ECF No. 13). Plaintiff HSBC Bank, USA, National Association, as trustee in trust for the registered holders of Ace Securities Corp., Home Equity Home Loan Trust, Series 2006-NC3, asset-backed pass through certificates ("HSBC") filed a response (ECF No. 23), to which the HOA replied (ECF No. 29).

Also before the court is defendant Thunder Properties, Inc.'s ("Thunder Properties") motion to dismiss. (ECF No. 15). HSBC filed a response (ECF No. 22), to which Thunder Properties replied (ECF No. 26).

**I.     Facts**

This case involves a dispute over real property located at 2270 Ruddy Way, Sparks, Nevada 89436 (the "property"). On June 30, 2006, Florian Juli, Erica Miller, and Angela Cromartic purchased the property via a $231,920.00 loan from New Century Mortgage Corporation ("New Century"), which was secured by a deed of trust naming First Centennial Title Co. as trustee. (ECF No. 1 at 3).

**James C. Mahan**
**U.S. District Judge**

On August 3, 2010, Hampton & Hampton, P.C. ("H&H"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien. (ECF Nos. 1 at 3; 13 at 3). On August 31, 2010, H&H recorded a notice of default and election to sell. (ECF Nos. 1 at 3; 13 at 3). On April 10, 2013, H&H recorded another notice of default and election to sell. (ECF Nos. 1 at43; 13 at 3). On April 7, 2014, H&H recorded a notice of trustee's sale. (ECF Nos. 1 at 4; 13 at 3).

On May 14, 2014, Thunder Properties purchased the property for $8,600.00 at the foreclosure sale. (ECF No. 1 at 4). A trustee's deed upon sale was recorded on June 3, 2014. (ECF No. 1 at 4).

New Century assigned its interest in the deed of trust to HSBC via an assignment deed, which was recorded on July 1, 2014. (ECF Nos. 1 at 3; 13 at 3).

On February 22, 2016, HSBC filed the underlying complaint, alleging five causes of action: (1) quiet title/declaratory judgment against Thunder Properties; (2) permanent injunction against Thunder Properties; (3) wrongful foreclosure against the HOA; (4) negligence against the HOA; and (5) negligence *per se* against the HOA. (ECF No. 1).

In the instant motions, the HOA moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 13), and Thunder Properties moves to dismiss pursuant to Rule 12(b)(1) (ECF No. 15). The court will address each in turn.

**II.  Legal Standards**

    **A.  Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject

James C. Mahan
U.S. District Judge

- 2 -

matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

**B. Failure to State a Claim**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

**A.  The HOA's Motion to Dismiss** (ECF No. 13)

In the instant motion, the HOA argues that the complaint must be dismissed for HSBC's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 13). Section 38.310 of the Nevada Revised Statutes provides, in relevant part:

**James C. Mahan**
**U.S. District Judge**

- 4 -

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).

In response, HSBC contends that it submitted a mediation complaint with NRED, and the parties are waiting for the HOA to file a response. (ECF No. 23 at 2). HSBC maintains that if anything, the matter should be stayed because mediation should occur within the next 60 to 90 days. (ECF No. 23 at 2). The court disagrees.

Subsection (2) of NRS 38.310 is clear—a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). Thus, nothing in the statute supports HSBC's request for a stay, nor does HSBC cite to any authority to otherwise support its request.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to HSBC's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, HSBC's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

Accordingly, HSBC must complete mediation pursuant to NRS 38.310 prior to commencing an action in this court.

HSBC alleges three claims against the HOA: wrongful foreclosure, negligence, and negligence *per se*. (ECF No. 1).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at

\*4 (quoting *Collins*, 662 P.2d at 623).  "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559.  "This type of interpretation falls under NRS 38.310." *Id.*  Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.  Similarly, negligence, negligence *per se*, NAC, and NRS claims "are civil actions as defined in NRS 38.300." *Id.* at 558–59.  Thus, these claims are subject to mediation as well.

Consequently, HSBC must first submit its claims for wrongful foreclosure, negligence, and negligence *per se* to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at \*2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at \*4 (D. Nev. Sept. 29, 2015).

Accordingly, the court will grant the HOA's motion to dismiss, and HSBC's claims for wrongful foreclosure, negligence, and negligence *per se* will be dismissed without prejudice.

### B. Thunder Properties's Motion to Dismiss (ECF No. 15)

In its motion, Thunder Properties argues that dismissal is proper because HSBC has failed to establish that jurisdiction exists.  (ECF No. 15).  In particular, Thunder Properties asserts that HSBC is likely a real estate investment trust, requiring it to establish the jurisdiction of each of its members pursuant to *Americold Realty Trust v. Conagra Foods, Inc*., 136 S. Ct. 1012 (2016). (ECF No. 15 at 7).  The court disagrees.

*Americold Realty Trust* is inapplicable here as the facts in the instant case are distinguishable.  *Americold Realty Trust* dealt with the citizenship of an unincorporated entity, specifically, a real estate investment trust organized under Maryland law. *See* 136 S. Ct. at 1015. Here, HSBC is not an unincorporated trust, but a national banking association with its main office in Indiana.  (*See* ECF No. 1 at 2).  Thus, 28 U.S.C. § 1332 controls.

Diversity jurisdiction is met as HSBC is a citizen of a different state from all of the defendants, and the amount in controversy exceeds $75,000.00. (ECF No. 1 at 2). As a result, the court has subject matter jurisdiction.

**James C. Mahan**
**U.S. District Judge**

As to HSBC's second cause of action for injunctive relief against Thunder Properties, however, the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Injunctive relief may be available if HSBC is entitled to such a remedy on an independent cause of action. HSBC's claim for injunctive relief will therefore dismissed.

Accordingly, the court will deny in part Thunder Properties's motion to dismiss as to HSBC's quiet title claim, but grant the motion as to HSBC's permanent injunction claim without prejudice.

**IV.   Conclusion**

Based on the foregoing, the court will dismiss without prejudice HSBC's claims for permanent injunction (claim 2), wrongful foreclosure (claim 3), negligence (claim 4), and negligence *per se* (claim 5).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that Thunder Properties's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED February 15, 2017.

_____
UNITED STATES DISTRICT JUDGE