WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, HSBC Bank USA, National Association, as Trustee in Trust for the Registered Holders of Ace Securities Corp., Home Equity Home Loan Trust, Series 2006-NC3, Asset-Backed Pass Through Certificates*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP., HOME EQUITY HOME LOAN TRUST, SERIES 2006-NC3, ASSET-BACKED PASS THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>vs.<br><br>THUNDER PROPERTIES, INC., a Nevada corporation; EAGLE CANYON ESTATES ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | Case No.: 2:16-CV-00356-JCM-PAL<br><br>**JOINT MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE TO ALLOW HSBC BANK TO AMEND COMPLAINT AND TO REOPEN DISCOVERY FOR LIMITED PURPOSE**<br>**(First Request for this Deadline)** |

Plaintiff, HSBC Bank USA, National Association, as Trustee in Trust for the Registered Holders of Ace Securities Corp., Home Equity Home Loan Trust, Series 2006-NC3, Asset-Backed Pass Through Certificates (hereinafter "HSBC Bank"), Defendant, Thunder Properties, Inc. (hereinafter "Thunder Properties"), and Defendant, Eagle Canyon Estates Association (hereinafter "Eagle Canyon"), by and through their attorneys of record, hereby submit their Joint Motion to Extend the Dispositive Motion Deadline to allow HSBC's Bank to amend its Complaint to add claims against Eagle Canyon and to Reopen Discovery for the Limited Purpose of Completing Discovery to address HSBC's claims against Eagle Canyon.

1 This lawsuit involves a claim seeking quiet title/declaratory relief and other claims 2 related to a non-judicial homeowner's foreclosure sale conducted on a Property pursuant to NRS 3 Chapter 116. HSBC Bank filed its Complaint against Thunder Properties and Eagle Canyon on 4 February 22, 2016. [ECF No. 1]. HSBC Bank's claims for wrongful foreclosure, negligence and 5 negligence per se against Eagle Canyon were subsequently dismissed without prejudice pending 6 completion of HSBC Bank's mediation with Eagle Canyon before the Nevada Real Estate 7 Division ("NRED") pursuant to NRS 38.310. [ECF No. 37]. However, prior to the Court's 8 decision on Eagle Canyon's Motion to Dismiss, the parties stipulated to stay the litigation 9 pending the Ninth Circuit's resolution of *Bourne Valley Court Trust v. Wells Fargo Bank*, 2016 10 WL 4254983 (9th Cir. Aug. 12, 2016). [ECF No. 35]. The Order to stay the litigation was 11 granted in part by the Court on October 13, 2016. [ECF No. 36]. Thereafter, HSBC Bank and 12 Eagle Canyon participated in an NRED mediation on December 5, 2016, which resulted in an 13 impasse.

14 After the Court of Appeals issued its mandate on *Bourne Valley*, the parties stipulated to 15 continue the stay pending final resolution of the *Bourne Valley* and *Saticoy Bay* certiorari 16 proceedings before the U.S. Supreme Court. [ECF No. 38]. The Court denied the parties' 17 Stipulation to Stay the Litigation, setting a dispositive motion deadline for May 5. 2017 and the 18 deadline for filing the joint pretrial order for June 5, 2017. [ECF No. 39].

19 The parties wish to extend the dispositive motion deadline to allow HSBC Bank to seek 20 leave to amend its Complaint to add claims against Eagle Canyon that were previously dismissed 21 by the Court without prejudice pending the NRED mediation. Additionally, the parties request a 22 brief period of sixty (60) days to complete discovery for the limited purpose of addressing HSBC 23 Bank's claims against Eagle Canyon. In denying the parties' stipulation to continue the stay 24 pending resolution of the writs of certiori in *Bourne Valley* and *Saticoy Bay*, the Court stated that 25 this matter is ready for resolution on the merits. However, HSBC Bank has not yet had the 26 opportunity to amend its Complaint to reassert claims against Eagle Canyon, a necessary party, 27 which was previously dismissed by the Court, solely due to lack of completion of NRED 28 mediation. Because the mediation has since been completed, the claims can now be reasserted.

Moreover, due to the stay in litigation and pending Eagle Canyon's Motion to Dismiss, the parties have not fully completed discovery to address HSBC Bank's Claims against Eagle Canyon. As such, the parties jointly request an extension to the dispositive motion deadline to allow HSBC Bank to seek leave to amend its Complaint and to reopen discovery for a brief period of sixty (60) days to allow the parties to complete discovery concerning HSBC Bank's claims against Eagle Canyon, including its claims for wrongful foreclosure, negligence, and negligence per se, which were previously dismissed by the Court without prejudice pending completion of the NRED mediation. HSBC is also considering whether claim against Eagle Canyon's foreclosure trustee, Hampton & Hampton, might be warranted as well.

This is the parties' first request for this extension and is not intended to cause any delay or prejudice to any party.

**(a) A statement specifying the discovery completed:**

Prior to Eagle Canyon's dismissal from the litigation, the parties engaged in discovery, including the following:

- Thunder Properties' Initial Disclosures, 6/14/2016;
- Eagle Canyon's Initial Disclosures, 7/13/2016;
- HSBC Bank's Initial Disclosures, 7/27/2016;
- HSBC Bank's First Set of Requests for Admissions to Eagle Canyon, 7/27/2016;
- HSBC Bank's First Set of Requests for Production of Documents to Eagle Canyon, 7/27/2016;
- HSBC Bank's First Set of Interrogatories to Eagle Canyon, 7/27/2016;
- HSBC Bank's First Set of Requests for Production of Documents to Thunder Properties, 7/27/2016;
- HSBC Bank's First Set of Interrogatories to Thunder Properties, 7/27/2016;
- HSBC Bank's First Set of Requests for Admission to Thunder Properties, 7/27/2016;
- Thunder Properties' Responses to HSBC Bank's First Set of Requests for Admission, 8/1/2016;
- HSBC Bank's Designation of Expert Witnesses, 8/15/2016;

1  • Eagle Canyon's Responses to HSBC Bank's First Set of Requests for Production of
2  Documents, 9/12/2016;
3  • Eagle Canyon's Responses to HSBC Bank's First Set of Requests for Admission,
4  9/12/2016;
5  • Eagle Canyon's Answers to HSBC Bank's First Set of Interrogatories, 9/12/2016;
6  • Thunder Properties' Responses to HSBC's First Set of Requests for Production of
7  Documents, 9/16/2016;
8  • Thunder Properties' Answers to HSBC's First Set of Interrogatories, 9/16/2016;
9  • HSBC Bank's First Supplemental Disclosure, 9/7/2016; and
10  • Eagle Canyon's Disclosure of Rebuttal Expert, 10/13/2016.
11  **(b) A specific description of the discovery that remains to be completed:**
12  HSBC Bank's claims against Eagle Canyon were dismissed by the Court pending
13 completion of the NRED mediation pursuant to NRS 38.310. [ECF No. 37]. Prior to dismissal
14 from the litigation, Eagle Canyon and HSBC Bank participated in some discovery, including
15 initial disclosures and HSBC Bank's written discovery requests to Eagle Canyon; however,
16 discovery to support and defend against HSBC Bank's claims were not completed. Now that the
17 NRED mediation has concluded and HSBC Bank seeks to amend its Complaint to include those
18 claims against Eagle Canyon that were previously dismissed by the Court, the parties request a
19 limited period for discovery to address HSBC's claims against Eagle Canyon and to conclude the
20 discovery that had not yet been completed, specifically:
21  • Eagle Canyon's written discovery requests to HSBC Bank;
22  • HSBC Bank's responses to Eagle Canyon's written discovery requests;
23  • Subpoena Duces Tecum to Hampton & Hampton Collections, LLC;
24  • Deposition of F.R.C.P. 30(b)(6) for Hampton & Hampton Collections, LLC;
25  • Deposition of F.R.C.P. 30(b)(6) witness for Eagle Canyon;
26  • Deposition of F.R.C.P. 30(b)(6) for HSBC Bank; and
27  • Such other discovery that may be deemed necessary or appropriate.
28  The parties request a brief period of sixty (60) days in order to achieve the

aforementioned discovery to support and defend against HSBC Bank's claims against Eagle Canyon.

### (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan:

HSBC Bank filed its Complaint against Eagle Canyon and Thunder Properties on February 22, 2016, seeking damages for claims pertaining to quiet title, preliminary and permanent injunction, wrongful foreclosure against Eagle Canyon, negligence against Eagle Canyon, and negligence per se against Eagle Canyon. [ECF No. 1]. Eagle Canyon then moved to dismiss HSBC's claims for wrongful foreclosure, negligence, and negligence per se. [ECF. No. 13].[1]

With Motions to Dismiss pending with the Court, the Court issued a Scheduling Order on June 13, 2016, setting the close of discovery for October 12, 2016 and the dispositive motion deadline for November 11, 2016. [ECF No. 30]. On October 6, 2016, prior to the close of discovery and prior to the dispositive motion deadline, the parties stipulated to stay the litigation pending the Ninth Circuit's decision on *Bourne Valley*. [ECF No. 35]. The Court entered an Order which granted in part the Stipulation to Stay Litigation Pending resolution of the Ninth Circuit's Decision on *Bourne Valley*. [ECF 36].

On December 14, 2016, the Court of Appeals issued its mandate on *Bourne Valley*. On February 16, 2017, the Court ordered that Eagle Canyon's Motion to Dismiss HSBC Bank's claims for wrongful foreclosure, negligence and negligence per se were dismissed without prejudice on the basis that the NRED mediation had not yet concluded pursuant to NRS 39.310(1). [ECF No. 37]. While HSBC Bank had filed an NRED Complaint against Eagle Canyon for wrongful foreclosure, negligence and negligence per se on February 23, 2016, the day after it filed its Complaint with this Court, due to the backlog in claims before the Division, the mediation had not occurred within sixty days as required by NRED. NRS 38.330(1).

---

[1] Thunder Properties also sought dismissal of HSBC's quiet title claim on the basis of lack of subject matter jurisdiction and preliminary and permanent injunction. [ECF. 15]. While the Court denied Thunder Properties's Motion to Dismiss HSBC's claim for quiet title on the basis of jurisdiction, it granted dismissal as to HSBC Bank's claim for preliminary and permanent injunction. [ECF 37].

1  However, this Court specifically held that HSBC Bank and Eagle Canyon must ***complete***
2  mediation pursuant to NRS 38.310 prior to commencing an action in this court against Eagle
3  Canyon. [ECF No. 37]
4       Before the Court's decision on the Motions to Dismiss and while the litigation was stayed
5  pending resolution of the Ninth Circuit's decision in *Bourne Valley*, Eagle Canyon and HSBC
6  Bank conducted the NRED mediation, which was unsuccessful. The parties are still awaiting a
7  certificate of completion from NRED.[2] Without the certificate from the NRED mediator
8  indicating that the mediation was completed, HSBC Bank could not file a Notice of Completion
9  of NRED mediation and seek to amend its Complaint to include the claims against Eagle
10  Canyon.
11       After the mandate on *Bourne Valley*, the parties stipulated to stay the litigation pending
12  final resolution of the writs of certiorari on *Bourne Valley* and *Saticoy Bay* before the United
13  States Supreme Court. Recently, on April 10, 2017, the Court denied the parties' stipulation and
14  ordered a dispositive motion deadline of May 5, 2017. [ECF No. 39]. HSBC Bank has not yet
15  had sufficient opportunity to seek leave to amend its Complaint against Eagle Canyon to include
16  causes of action for wrongful foreclosure, negligence and negligence per se which were
17  previously dismissed by the Court without prejudice. The parties seek to extend the dispositive
18  motion deadline to allow HSBC Bank the opportunity to amend its Complaint against Eagle
19  Canyon and to reopen discovery for the purpose of completing discovery as to HSBC Bank's
20  claims against Eagle Canyon for wrongful foreclosure, negligence, and negligence per se.
21
22
23
24
25  / / /
26  / / /
27  / / /
28

---

[2] A certificate of completion has been requested from NRED.

**(d) A proposed schedule for completing all remaining discovery.**

The parties request an extension to the dispositive motion deadline to allow HSBC Bank to seek leave to amend its Complaint to include claims against Eagle Canyon that were previously dismissed without prejudice by the Court. Once HSBC Bank's Complaint has been amended and Eagle Canyon has filed its responsive pleading, the parties request a brief sixty (60) day period to complete written discovery and take the depositions of representatives from HSBC Bank and Eagle Canyon. Thereafter, the parties anticipate dispositive motion practice.

| | |
|---|---|
| DATED this 5th day of May, 2017. | DATED this 5th day of May, 2017. |
| WRIGHT, FINLAY & ZAK, LLP | ROGER P. CROTEAU & ASSOCIATES, LTD. |
| */s/ Lindsay D. Robbins, Esq.* | */s/ Timothy E. Rhoda, Esq.* |
| Lindsay D. Robbins, Esq. | Timothy E. Rhoda, Esq. |
| Nevada Bar No. 13474 | Nevada Bar No. 7878 |
| 7785 W. Sahara Avenue, Suite 200 | 9120 West Post Road, Suite 100 |
| Las Vegas, NV 89117 | Las Vegas, Nevada 89148 |
| *Attorney for Plaintiff, HSBC Bank USA, National Association, as Trustee, in Trust for the Registered Holders of Ace Securities Corp., Home Equity Home Loan Trust, Series 2006-NC3, Asset-Backed Pass Through Certificates* | *Attorney for Defendant, Thunder Properties, Inc.* |

DATED this 8th day of May, 2017.

LIPSON, NEILSON, COLE SELTZER & GARIN, P.C.
*/s/ Kaleb Anderson, Esq.*
Kaleb Anderson, Esq.
Nevada Bar No. 7582
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorney for Defendant, Eagle Canyon Estates Association*

**ORDER**

IT IS SO ORDERED.

DATED this 17th day of May, 2017.

U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP and that I electronically served the foregoing **JOINT MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE TO ALLOW HSBC BANK TO AMEND COMPLAINT AND TO REOPEN DISCOVERY FOR LIMITED PURPOSE [FIRST REQUEST]** on the 8th day of May, 2017, to all parties and counsel as identified on the Court-generated Notice of Electronic Filing.

*/s/ Tonya Sessions*
An Employee of WRIGHT, FINLAY & ZAK, LLP